**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **SOUTHWEST LOUISIANA** | : | **CIVIL ACTION NO. 22-02527** |
| **INDEPENDENCE CENTER, INC.** | : | |
| | : | **JUDGE JAMES CAIN** |
| **V.** | : | |
| | : | **MAG. JUDGE KATHLEEN KAY** |
| **GRANITE STATE INSURANCE** | : | |
| **COMPANY** | : | |

**MEMORANDUM IN SUPPORT OF GRANITE STATE'S MOTION TO DISMISS PLAINTIFF'S GENERAL DAMAGE CLAIMS UNDER LA. R.S. § 22:1973**

Defendant, Granite State Insurance Company ("Granite State"), files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12, seeking dismissal of the general damage claims for "mental anguish, inconvenience, worry and stress" asserted by Plaintiff, Southwest Louisiana Independence Center, Inc. ("Plaintiff" or "SLIC") under Louisiana Revised Statute § 22:1973, and respectfully shows as follows:

**I.**
**INTRODUCTION**

The instant case concerns an insurance dispute between the parties as to whether Granite State has fulfilled its obligations under the Granite State Insurance Policy and adequately adjusted and sufficiently paid SLIC's claims for Hurricane Laura related damage to the property located at 4320 Lake Street, Lake Charles, Louisiana 70605. The issue presented in this Motion is whether SLIC's claim for general damages under Louisiana Revised Statute 22:1973 should be dismissed for failure to state a valid cause of action under Rule 12. It should.

Courts have routinely and resoundingly rejected, on the face of the pleadings, general damage allegations by a corporation for "mental anguish, inconvenience, worry and stress" in general and specifically under Louisiana Revised Statute § 22:1973. As SLIC's general damage

claim under Louisiana Revised Statute § 22:1973 is invalid as a matter of law, it should be dismissed, with prejudice.

## II.
## BACKGROUND

Granite State issued Policy No. 02-LX-062649101-2, in effect from September 1, 2019 to September 1, 2020 to SLIC ("Granite State Policy"). Following the landfall of Hurricane Laura, SLIC submitted a claim to Granite State for damage to the property located at 4320 Lake Street, Lake Charles, Louisiana 70605. Upon submission of the claim, Granite State immediately began adjusting the claims. To date, Granite State has adequately paid SLIC for damages proven during the adjustment of the claim, and it continues to adjust the claim. To that end, Granite State has provided SLIC with detailed estimates of the damage to the property, along with enumerated reasons for its tendered payments to it. Granite State has also advised SLIC of various exclusions, limitations and conditions included in the Granite State Policy.

Nonetheless, SLIC instituted suit against Granite State, alleging that Granite State has failed to satisfy its obligations under the Granite State Policy, adequately adjust the claim, and/or sufficiently pay SLIC's claims.[1] In addition, it is specifically alleged that SLIC, a corporation, sustained general damages due to breach of Louisiana Revised Statute § 22:1973, including "mental anguish, inconvenience, worry and stress."[2]

As discussed in more detail below, however, SLIC's claim for general damages under Louisiana Revised Statute 22:1973 for "mental anguish, inconvenience, worry and stress" should be dismissed for failure to state a valid claim under Rule 12.

---

[1] *See* R. Doc. 1.
[2] *See* R. Doc. 1 at ¶ 15.

# III.
# A CORPORATION CANNOT STATE A VALID CAUSE OF ACTION FOR GENERAL DAMAGES

**A.    Standard of Review.**

Rule 12(b)(6) allows for dismissal where a plaintiff "fail[s] to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Thus, the court is not tasked with evaluating the likelihood of success on an otherwise legally cognizable claim, but rather, to determine whether the claim is both legally cognizable and plausible in the first place. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Evans v. CAR Transport, Inc.*, No. 22-864, 2022 WL 2657200 at *1 (W.D. La. July 8, 2022).

**B.    SLIC's General Damage Claim is Not Legally Cognizable.**

SLIC's general damage claim for "mental anguish, inconvenience, worry and stress" under Louisiana Revised Statute § 22:1973 is not legally cognizable, warranting its dismissal as a matter of law.

It is well settled law that business entities, like SLIC, are incapable of experiencing mental anguish, inconvenience, worry and stress. *See Walle Corp. v. Rockwell Graphic Systems, Inc.*, 9 F.3d 103 (5th Cir. 1993)("Corporations cannot recover damages for inconvenience."); *Frank C. Minvielle, LLC v. IMC Global Operations, Inc.*, 380 F.Supp.2d 755, 772 (W.D. La. Oct. 19, 2004)("A business entity is incapable of experiencing loss of enjoyment, mental anguish, and inconvenience."). Indeed, "[a]s an entity designed to produce profits, the only type of loss a corporation can suffer is economic." *Walle Corp. v. Rockwell Graphics Systems, Inc.*, No. 90-

2163, 1992 WL 245963 at *5 (E.D. La. 1992). Accordingly, corporations cannot recover for general damages such as mental anguish, inconvenience, worry and stress, as asserted here. *See Walle Corp.*, 9 F.3d 103 (5th Cir. 1993); *Frank C. Minvielle, LLC*, 380 F.Supp.2d at 772; *Eaux Holdings LLC v. Scottsdale Ins. Co.*, 2022 WL 495165 (W.D. La. Feb. 17, 2022); *One River Place Condominium Ass'n, Inc. v. Axis Surplus Ins. Co.*, 629 F.Supp.2d 613, 617 (E.D. La. May 8, 2009); *Pontchartrain Gardens, Inc. v. State Farm General Ins. Co.*, No. 07-7965, 2009 WL 86671 at *3 (E.D. La. Jan. 13, 2009); *Second Highway Baptist Church v. State Farm Ins. Co.*, No. 07-8581, 2009 WL 5245735, at *3 (E.D. La. Feb. 18. 2009); *See also Whitehead v. American Coachworks, Inc.*, 837 So.2d 678, 682 (La. App. 1st Cir. 2002).

Furthermore, this legal bar to general damage claims by corporations specifically applies in the context of general damages pursued under Louisiana Revised Statute § 22:1973. *See Second Highway Baptist Church v. State Farm Ins. Co.*, No. 07-8581, 2009 WL 5245735 at *3 (E.D. La. Feb. 18, 2009). In *Second Highway*, a claim for general damages under Louisiana Revised Statute § 22:1973 was asserted by the plaintiff, a religious organization, related to an insurance claim following Hurricane Katrina. *See id*. In dismissing the general damage claim under Louisiana Revised Statute § 22:1973, the court specifically held:

> The plaintiff in this case is a "religious organization … doing business in the State of Louisiana." Therefore, the plaintiff cannot recover for emotional distress, inconvenience, or any other form of mental anguish damages. The claim is frivolous.

*Id*. The same result reached in *Second Highway* is warranted here.

SLIC is "a Louisiana corporation doing business in Louisiana."[3] As a corporation, it is incapable of experiencing loss of enjoyment, mental anguish, and inconvenience, and the only type of loss it can suffer is economic. Accordingly, SLIC's general damage claim under Louisiana

---

[3] *See* R. Doc. 1 at ¶ 1.

4

Revised Statute § 22:1973 for "mental anguish, inconvenience, worry and stress" is not legally cognizable and should be dismissed under Rule 12(b)(6) as a matter of law.

## IV.
## CONCLUSION

For these reasons, this Motion should be granted, and SLIC's general damage claims under Louisiana Revised Statute § 22:1973 for mental anguish, inconvenience, worry and stress should be dismissed as a matter of law.

Respectfully submitted,

/s/ Robert Siegel
Robert I. Siegel (Bar. No. 12063)
Victoria E. Emmerling (Bar No. 33117)
Patrick O. Weilbaecher (Bar No. 39383)
Gieger, Laborde & Laperouse, LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
E-mail:   rsiegel@glllaw.com
          temmerling@glllaw.com
          pweilbaecher@glllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel.

/s/ Robert Siegel
ROBERT I. SIEGEL